UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES TISDALE and KYLE CREAL, | : | Case No. 1:15-cv-08421 |
| | : | |
| Plaintiffs, | : | Judge Sharon Johnson Coleman |
| | : | Magistrate Judge Maria Valdez |
| vs. | : | |
| | : | |
| CROWN SERVICES, INC., | : | **DEFENDANT CROWN SERVICES,** |
| | : | **INC'S ANSWER AND** |
| Defendant. | : | **AFFIRMATIVE DEFENSES TO** |
| | | **PLAINTIFF'S COMPLAINT** |

For its Answer to the Complaint filed against it by James Tisdale and Kyle Creal on behalf of themselves and similarly situated individuals ("Plaintiffs"), Defendant Crown Services, Inc. ("Defendant") hereby states as follows:

## I. NATURE OF THE CASE

1. This lawsuit arises under the Fair Credit Reporting Act, 15 U.S.C. §1681b *et seq.*, ("FCRA"), and stems from Defendant's practice of procuring consumer reports about Plaintiffs and similarly situated individuals across the country and taking adverse action against those individuals based on those reports without first providing Plaintiffs and similarly situated individuals: (1) a copy of their consumer report; (b) a copy of their rights under FCRA; and (c) a pre-adverse action opportunity to dispute the accuracy of their report. Plaintiffs seek to certify these claims as a class action pursuant to the Illinois Code of Civil Procedure, 735 ILCS 5/2-801.

**ANSWER:**

**Paragraph 1 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies that any alleged**

1

illegal acts occurred, that Plaintiffs are entitled to any relief, and that a representative class is appropriate based on the facts alleged by Plaintiffs.

## II. JURISDICTION AND VENUE

2. The Court has jurisdiction of Plaintiffs' claims pursuant to 735 ILCS 5/2-209(a)(1) because Defendant violated Plaintiffs' legal rights in Illinois and, pursuant to 735 ILCS 5/2-209(b)(4), because Defendant conducts and transacts business within the State of Illinois.

**ANSWER:**

**Paragraph 2 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits only that the United States District Court for the Northern District of Illinois has jurisdiction over this matter.**

3. Venue is proper in this judicial district pursuant to 735 ILCS 5/2-101 in that a substantial number of the acts complained of herein occurred within Will County, Illinois and Defendant has conducted and transacted business within Will County, Illinois.

**ANSWER:**

**Paragraph 3 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits only that the United States District Court for the Northern District of Illinois is the appropriate venue for this matter.**

## III. PARTIES

4. During all relevant times, Plaintiffs have resided in and been domiciled in Will County, Illinois. They are consumers as that term is defined by FCRA. 15 U.S.C. § 1681a(c).

**ANSWER:**

**Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 4 of the Complaint and on that basis denies them.**

5. Defendant Crown is a temporary staffing agency incorporated and headquartered in Ohio. It operates more than forty branch locations throughout the United States. At all relevant times, Crown has been a "person" within the meaning of the Fair Credit Reporting Act. 15 U.S.C. § 1681a(b).

**ANSWER:**

**Defendant admits that Crown is a full service specialty staffing firm headquartered in Ohio. Defendant denies the allegations contained in the second sentence of Paragraph 5 of the Complaint. The third sentence states a legal conclusion to which Defendant is not required to respond. To the extent a response is required, Defendant is without knowledge or information sufficient to form a believe as to the truthfulness of the allegations contained in Paragraph 5, third sentence of the Complaint and on that basis denies them.**

### IV. FACTUAL BACKGROUND

4[1]. FCRA requires that before a company takes adverse action against a consumer based on information contained in a consumer report obtained for employment purposes, the company must first provide the consumer with: (a) a pre-adverse action disclosure which includes a copy of the individual's consumer report; (b) a description in writing of the

---

[1] Plaintiffs' Complaint contains duplicate Paragraphs numbered 4 and 5. Defendant will respond to Plaintiffs' Complaint as drafted for the sake of continuity.

3

individual's rights under the FCRA; and (c) a pre-adverse action opportunity to dispute the accuracy of the reported information. 15 U.S.C. § 1681b(b)(3).

**ANSWER:**

**Paragraph 4 of the Complaint states a legal conclusion to which no response is required.**

$5^2$. A criminal background report that is obtained for employment purposes is considered a consumer report, pursuant to the FCRA. 15 U.S.C. § 1681a(d).

**ANSWER:**

**Paragraph 5 of the Complaint states a legal conclusion to which no response is required.**

6. Pursuant to the FCRA, an "adverse action" includes "a denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee." 15 U.S.C. § 1681a(k).

**ANSWER:**

**Paragraph 6 of the Complaint states a legal conclusion to which no response is required.**

7. In late October, 2014, Tisdale applied for employment with Crown through its Joliet, Illinois office.

**ANSWER:**

**Defendant admits the allegations contained in Paragraph 7 of the Complaint.**

8. In late October, 2014, Crown procured a consumer report about Tisdale for employment purposes.

---

[2] See Fn. 1.

**ANSWER:**

**Paragraph 8 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits only that in October, 2014, it obtained a verified report regarding Plaintiff Tisdale from Orange Tree Employment Screening, but denies the remaining allegations contained in Paragraph 8 of the Complaint.**

9. Defendant procured a consumer report for Tisdale through the consumer reporting agency "Orange Tree Employment Screening" (hereinafter "Orange Tree").

**ANSWER:**

**Paragraph 9 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits it obtained a verified report regarding Plaintiff Tisdale from Orange Tree Employment Screening.**

10. The Orange Tree consumer report disclosed past Tisdale's past criminal convictions.

**ANSWER:**

**Paragraph 10 states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits only that the verified report regarding Plaintiff Tisdale from Orange Tree Employment Screening disclosed past criminal history, but denies the remaining allegations contained in Paragraph 10 of the Complaint.**

11. In early November, 2014, Crown took adverse action against Tisdale based in whole or in part on the Orange Tree consumer report. More specifically, Crown informed Tisdale

that it would not place him for employment based on the results of his criminal background check report.

**ANSWER:**

**Paragraph 11 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 11 of the Complaint.**

12. Crown never provided Tisdale a copy of his consumer report or a summary of his FCRA rights before taking adverse action against him.

**ANSWER:**

**Defendant denies the allegations contained in Paragraph 12 of the Complaint.**

13. In June 2014, Creal applied for employment with Crown's office in Joliet, Illinois.

**ANSWER:**

**Defendant admits the allegations contained in Paragraph 13 of the Complaint.**

14. In June 2014, Crown procured from Orange Tree a consumer report about Creal for employment purposes.

**ANSWER:**

**Paragraph 14 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits in June 2014, it obtained a verified report regarding Plaintiff Creal from Orange Tree Employment Screening.**

15. The Orange Tree consumer report disclosed Mr. Creal's past criminal convictions.

**ANSWER:**

**Paragraph 15 states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits only that the verified report regarding Plaintiff Creal from Orange Tree Employment Screening contained past criminal history, but denies the remaining allegations contained in Paragraph 15 of the Complaint.**

16. In June 2014, Crown took adverse action against Creal based in whole or in part on the Orange Tree consumer report. More specifically, Crown informed Tisdale that it would not place him for employment based on the results of his criminal background check report.

**ANSWER:**

**Paragraph 16 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 16 of the Complaint.**

17. Crown never provided Creal a copy of his consumer report before taking adverse action against him. Nor did Crown provide Creal a description in writing of his rights under the FCRA prior to taking adverse action against him. Before it procedure Orange Tree consumer reports about Tisdale and Creal, Crown certified to Orange Tree that it would provide a copy of the reports to Tisdale and Creal if it used the consumer reports to deny them employment. *See* 15 U.S.C. § 1681b(b)(1).

**ANSWER:**

**Defendant denies the allegations contained in Paragraph 17 of the Complaint.**

18. Beginning at least as early as August 21, 2013, Crown had a nationwide practice or policy of taking adverse action against employees and employment applicants based on

consumer reports without first providing them a copy of their consumer report, a description in writing of their rights under the FCRA, and an opportunity to dispute the accuracy of the information contained in their consumer reports.

**ANSWER:**

**Defendant denies the allegations contained in Paragraph 18 of the Complaint.**

### IV. CLASS ACTION ALLEGATIONS

19. Plaintiffs will seek to certify their claims arising under the FCRA (Count I) as a nationwide class action, pursuant to Illinois Code of Civil Procedure, 735 ILCS 5/2-801, on behalf of themselves and all other employees and employment applicants who, on or after August 21, 2013, suffered adverse action based in whole or in part on information contained in consumer reports that Crown obtained for employment purposes.

**ANSWER:**

**Paragraph 19 of the Complaint does not contain any factual allegations to which Defendant is required to respond. To the extent a response is required, Defendant denies that any alleged illegal acts occurred and that Plaintiffs are entitled to any relief.**

20. This action is brought pursuant to Illinois Code of Civil Procedure, 735 ILCS 5/2-801 because:

    a. the Class is so numerous that joinder of all members is impracticable. Plaintiffs are informed and believe that, during the past two years, Defendant took adverse action against hundreds of individuals based on consumer reports without first providing them copy of their report and a summary of their rights under the FCRA;

    b. There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation:

    (i) Whether the Defendant procured consumer reports about Plaintiffs and similarly situated individuals and took adverse action against them based on those consumer reports without first providing Plaintiffs and similarly situated individuals: (a) a copy of their consumer report; (b) copy of their rights under FCRA; and (c) a pre-adverse action opportunity to dispute the accuracy of the report.

(ii) whether Defendant's FCRA violations were willful.

c. The class representatives, class members and Defendant have a commonality of interest in the subject matter and remedies sought, and the class representatives are able to fairly and adequately represent the interests of the class. If each class member was required to bring an individual action to vindicate his or her claim, the result would be a multiplicity of actions creating a hardship on the class members, Defendant, and the Court.

**ANSWER:**

**Paragraph 20 of the Complaint does not contain any factual allegations to which Defendant is required to respond; however, Defendant denies that a representative class is appropriate based on the facts alleged by Plaintiffs. Defendant denies that any alleged illegal acts occurred and that Plaintiffs are entitled to any relief.**

21. Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

**ANSWER:**

**Paragraph 21 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 21.**

## COUNT I

### Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(b)(3)

Plaintiffs incorporate and re-alleges paragraphs 1 through 23 of this Complaint as though set forth herein.

**ANSWER:**

**Defendant incorporates by reference its responses to Paragraphs 1 through 21 as if fully restated herein.**

22. Crown willfully failed to provide Tisdale, Creal, and members of the plaintiff class, as required by 15 U.S.C. § 1681b(b)(3), (a) a pre-adverse action copy of the their consumer reports; (b) a description in writing of their rights under the FCRA; and (c) a pre-adverse action opportunity to dispute the accuracy of the reported information.

**ANSWER:**

**Defendant denies the allegations contained in Paragraph 22 of the Complaint.**

23. Crown's willful violations of 15 U.S.C. § 1681b(b)(3) have caused damages to Tisdale, Creal, and members of the plaintiff class for which damages Crown is liable under 15 U.S.C. § 1681n.

**ANSWER:**

**Defendant denies the allegations contained in Paragraph 23 of the Complaint.**

WHEREFORE, Plaintiffs respectfully request, on behalf of themselves and the class they seek to represent, that this Court:

A. Certify this action as a class action, pursuant to 734 ILCS 5/2-801 and designate the named Plaintiffs as representatives of the class and their counsel of record as class counsel;

B. Award statutory and punitive damages against Defendant to Plaintiffs and members of the plaintiff class, as provided in 15 U.S.C. § 1681n, for Defendant's

  failure to provide them a copy of their consumer reports before taking adverse action against them based in whole or in part on consumer reports.

C. Award statutory and punitive damages against Defendant to Plaintiffs and members of the plaintiff class, as provided in 15 U.S.C. § 1681n, for Defendant's failure to provide them a summary of their FCRA rights before taking adverse action against them based in whole or in part on consumer reports.

D. Award Plaintiffs their attorneys' fees and the costs of this action pursuant to 15 U.S.C. §§ 1681n; and

E. Award all such additional relief as the Court deems appropriate.

**ANSWER:**

**Plaintiffs' WHEREFORE Paragraph following Paragraph 23 does not contain any factual allegations to which Defendant is required to respond; however, Defendant denies that Plaintiffs are entitled to any relief whatsoever.**

**Defendant denies each and every allegation of Plaintiffs' Complaint not specifically admitted herein.**

## DEFENSES

### FIRST DEFENSE

24. Plaintiffs' Complaint fails to state facts sufficient to support a claim upon which relief may be granted because Defendant did not violate the Fair Credit Reporting Act.

### SECOND DEFENSE

25. Defendant's actions were lawful and undertaken for legitimate business reasons.

### THIRD DEFENSE

26. Compensatory damages, punitive damages, and/or attorneys' fees are not available for some or all of the causes asserted.

## FOURTH DEFENSE

27. Plaintiffs' alleged damages are speculative and thus unavailable as a matter of law.

## FIFTH DEFENSE

28. Plaintiffs have failed to mitigate their damages.

## SIXTH DEFENSE

29. An award of punitive damages in this action would be unconstitutional.

## SEVENTH DEFENSE

30. Plaintiffs are estopped from claiming Defendant's conduct was wrongful.

## EIGHTH DEFENSE

31. Plaintiffs have no rights to equitable relief as they have unclean hands.

## NINTH DEFENSE

32. Plaintiffs committed acts that constitute sufficient and independent reasons for not employing them.

## TENTH DEFENSE

33. Defendant pleads and relies upon all defenses, express or implied, contained in 15 U.S.C. 1681 *et seq* and any, and all, cases or regulations related thereto.

## ELEVENTH DEFENSE

34. Plaintiffs' damages, if any, were caused by the acts and/or omissions of third parties for whose conduct Defendant is not responsible.

**TWELFTH DEFENSE**

35. To the extent there were any violations of state or federal law, such purported violations were not done by Defendant with the requisite malice, intent or knowledge.

**THIRTEENTH DEFENSE**

36. Defendant seeks all fees, expenses, costs, and any legally recoverable damages from Plaintiffs that may be available under the FCRA, including but not limited to fees under 15 U.S.C. §§ 1681n(c) and 1681o(b) as the prevailing party on an unsuccessful pleading, motion, or other paper filed in bad faith or for purposes of harassment.

**FOURTEENTH DEFENSE**

37. Defendant reserves the right to assert additional defenses, as they may become available or apparent during the course of this litigation.

**WHEREFORE**, having fully answered the Complaint, Defendant Crown Services, Inc. requests that judgment be awarded to Defendant, that the Complaint be dismissed with prejudice and at Plaintiffs' cost, and that the Court award Defendant costs and attorneys' fees and any other further relief at law or in equity that is just and proper.

Respectfully submitted,

/s/ Brittany E. Kirk
Michael W. Hawkins
Brittany E. Kirk (6294386)
Faith C. Whittaker
DINSMORE & SHOHL LLP
227 W. Monroe Street, Suite 3850
Chicago, IL 60603
Tel (312) 428-2724
Fax (312) 372-6085
brittany.kirk@dinsmore.com
michael.hawkins@dinsmore.com
faith.whittaker@dinsmore.com

***Attorneys for Crown Services, Inc.***

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 7th day of October, 2015, this document was electronically filed via the Court's authorized electronic filing system which will send notification of this filing to the following: Alvar Ayala and Christopher J. Williams, Workers' Law Office PC, 53 W. Jackson Blvd., Suite 701, Chicago, Illinois 60604; and Matthew J. Piers and Christopher J. Wilmes, Hughes Socol Piers Resnick & Dym, Ltd., Three First National Plaza, 70 West Madison Street, Suite 4000, Chicago, Illinois 60602, Attorneys for Plaintiffs.

                                                      /s/ Brittany E. Kirk